# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GREGORY STARR,**

        **Plaintiff,**

**v.**                                           **Case No:   6:16-cv-1059-Orl-41DAB**

**JOHN BORN,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**   **June 17, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, and the Complaint be **DISMISSED**.

Plaintiff Gregory Starr, a Florida resident proceeding *pro se*, filed suit on June 17, 2016 against the Director of the Ohio Department of Motor Vehicles alleging that the Department has denied his "driving rights" under the "color of laws without entitlements for a disputed claim by the Secretary's H/H[1] under federal grant program." Doc. 1 (mistakes in the original). In addition to mentioning 42 U.S.C. § 1983, Plaintiff also cites to provisions in the federal criminal code, *i.e.*, Title

---

[1] This acronym may refer to the "Secretary of Health and Human Service" mentioned elsewhere in Plaintiff's Complaint.

18 U.S.C. § 241 (conspiracy against rights) and § 872 (extortion by officer or employees of the United States), without any elaboration or factual support. Doc. 1 at 3. Plaintiff requests "an immediate direct court order for injunction [sic] relief" to regain driving privileges from the Ohio DMV and damages of $450,000 plus punitive damages and attorney's fees. Doc. 3. Plaintiff attaches an exhibit from the Ohio Bureau of Motor Vehicles showing his Ohio license is suspended for "child support suspension." Doc. 1 at 4.

As the Court has explained to Plaintiff Starr previously[2], this Court does not have jurisdiction over the authorities in other states, such as the Ohio Bureau of Motor Vehicles, to resolve Plaintiff's claims. Moreover, this federal Court generally does not have jurisdiction over divorce or child support proceedings, which are within the exclusive province of the state courts. The United States Supreme Court has stated that there is a domestic relations exception to federal jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction [with this exception], we . . . reaffirm [its] validity . . . as it pertains to divorce and alimony decrees and child custody orders." *Id.*; *Cormier v. Green*, 141 Fed.Appx. 808, 814 n.5 (11th Cir. 2005) (unpublished) (noting that the Supreme Court in *Ankenbrandt* reaffirmed the "domestic relations exception" which "divests the federal courts of power to issue divorce, alimony, and child custody decrees"). "Thus, while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue . . . in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v.*

---

[2] Plaintiff proceeding *pro se* in a previous case, *Starr v. Shumaker*, Case No. 6:16-cv-151-18DAB, asserted claims against individuals residing in Alabama arising out of a will contest or probate dispute. He was ordered to file an amended complaint by February 22, 2016, which he failed to do.

*Static Control Components, Inc.*, _ U.S. _, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014); *see also Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (federal trial or district courts generally cannot review state court proceedings arising from divorce, custody, or property division proceedings, since the federal courts are not a forum for appealing state court decisions) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988) (district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination)).

If Plaintiff is dissatisfied with the family law court's rulings regarding his child support, or the Ohio Bureau of Motor Vehicles' decision to suspend his license as a consequence of not paying child support, his recourse is to pursue an appeal of those rulings in the courts of Ohio, not to file a separate federal lawsuit in another state.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 21, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy